**Leonard I. SCHREIBER, Plaintiff,**

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY et al., Defendants.**

**No. 73 Civ. 1056.**

United States District Court, S. D. New York.

July 26, 1973.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff by Donald N. Ruby, Eric L. Keisman, New York City.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants by Robert L. King, Richard I. Janvey, New York City, and Foley & Lardner, Milwaukee, Wis.

POLLACK, District Judge.

The defendants who have been served with process herein are moving to transfer this case out of this Court to the United States District Court for the Eastern District of Wisconsin for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). The latter District is clearly one where the action might have been brought. Section 214, Advisors Act, 15 U.S.C. § 80b–14.

This is a shareholder's derivative action brought on behalf of the nominal party corporate defendant Northwestern Mutual Life Mortgage and Realty Investors ("Investors"), a real estate investment trust whose investment advisor pursuant to an advisory contract is defendant Northwestern Mutual Life Insurance Company, a Wisconsin corporation ("NML").

The plaintiff-stockholder is a practising attorney admitted to the New York Bar who resides in Connecticut and maintains his law practise in New York City. The defendants charged with liability consist of NML and its directors; all of those defendants who have been served herein reside and function in Milwaukee.

The key issue in the case is whether NML defrauded Investors in the administration of a real estate trust. The allegations are that NML is not regis-

tered as an advisor under the Investment Advisors Act of 1940 and that the trustees of Investors who also are officers/directors of NML are violating their fiduciary duties to Investors. The plaintiff asserts that the advisory contract unduly favors NML over Investors, that there has been overpayment for NML's services, and self-dealing and failure to render impartial and accurate investment advice. It thus appears quite clearly that the plaintiff's role herein is merely nominal and that of an instigator of the suit and not that of a prospective witness (other than to possibly be required to prove his stock ownership).

The record establishes that: NML is headquartered in Milwaukee. It has no District or Regional office in New York or New England, only a district office in Philadelphia. All of the dealings of Investors with NML take place in Milwaukee and Investors occupies office space within NML's home office building. All documents and records pertaining to the key issue are located in Milwaukee. Most of the prospective witnesses live and work there; others are fairly well scattered but they certainly are not centered in New York or close by. NML's Finance Committee meets weekly in Milwaukee to review and recommend investments in realty for both NML and Investors. Approximately 95 people in the NML home office are involved on a day-to-day basis in the joint operations of NML and Investors. They use the files constantly, which include originals stored there in a vault, odd-sized items such as maps, surveys, photos and plans, items that are not readily subject to duplication and shipment. It is contended that daily operations would be hobbled or cease if files had to be sent to New York or even removed for copying. While this may be an overpessimistic view, undoubtedly records of real estate transactions do invariably assume cumbersome proportions.

The record also shows that no actions of either NML or Investors ever occurred in this District; there were no meetings or deals in New York. Plaintiff has

submitted nothing to the contrary—his counsel frankly admits he has no knowledge of any different facts.

Since no ruling has been requested or made on the status of the proposed class on whose behalf the plaintiff sues (in addition to the derivative claims), the action at present can be viewed only as a derivative suit on behalf of Investors and as an individual suit by plaintiff Schreiber. Wurzburger, Morrow & Keough, Inc. v. Keystone Co. of Boston, 361 F.Supp. 627 (S.D.N.Y., 1973) (Pollack, J.); *see* Beaver Associates v. Cannon, 59 F.R.D. 508 (S.D.N.Y., 1973).

Plaintiff argues that the broad jurisdiction and venue provisions contained in federal securities law reflect a policy to allow plaintiff a broad choice of forum as an inducement to maintenance of meritorious litigation aimed at correcting corporate wrongs. Moreover, plaintiff contends that large corporations, when sued, invariably refer to projected disruption and dispersion of corporate records and personnel as support for moving the suit within the "shadow of the corporate headquarters". While corporations may, in fact, rely on such arguments, the facts of each particular case must be closely scrutinized by the Court in determining whether the arguments apply to the given case. Particular attention in this review must be addressed to the nature of the claims asserted and to the character of proof required to prove or disprove such claims. The course the trial is likely to take must be foreseen as best as possible by skimming down the list of proposed witnesses or required documents included in transfer motions to decide whether the suit is more conveniently set in the proposed District or in the pending District.

In the particular circumstances of this case the moving defendants have amply met and preponderantly satisfied the burden of proof that the administration of justice will be advanced by and mandates a transfer of this case to another District. Clearly, this case can be tried in Milwaukee more expeditiously and inexpensively and with greater convenience to witness and parties and with readier access to sources of proof than prevails in New York.

The motion to transfer is granted and the Clerk of this Court is directed to effect the same forthwith by transferring a certified copy of this memorandum and the Court's order thereon, of the docket entries in the case and the originals of all other papers on file herein to the United States District Court for the Eastern District of Wisconsin.

So ordered.