**Sidney HELFANT, Plaintiff,**

v.

**LOUISIANA & SOUTHERN LIFE INSURANCE COMPANY et al., Defendants.**

**No. 77 C 2515.**

United States District Court, E. D. New York.

March 21, 1979.

Mark S. Cash, New York City, for plaintiff.

Gordon, Hurwitz, Butowsky, Baker, Weitzen & Shalov, New York City, for defendants Ingram and Denegre, by Franklin B. Velie, Margot A. Metzner, New York City.

Sullivan & Cromwell, New York City, for defendant Alex. Brown & Sons, by Marvin Schwartz, Paul P. Colborn, New York City.

Cleary, Gottlieb, Steen & Hamilton, New York City, for remaining defendants, by George Weisz, Richard D. Weiss, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action is again before the court on defendants' motion pursuant to Rules 9(b), 12(b)(1) and 12(b)(6), F.R.Civ.P., for an order dismissing the amended complaint for failure to state the circumstances constituting fraud with adequate particularity, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. Defendants move in the alternative, pursuant to Title 28, U.S.C. § 1404(a), for an order transferring the action to the United States District Court for the Middle District of Florida.

By memorandum and order dated October 16, 1978, this court granted defendants' motion to dismiss for failure to state a claim upon which relief may be granted and for failure to allege the circumstances constituting fraud on the part of the individual defendants with adequate particularity. Leave to replead was granted, however, which resulted in the amended complaint here under attack. Reference to the facts underlying this action is made to the court's earlier decision. 459 F.Supp. 720 (E.D.N.Y. 1978). For the reasons which follow, the court is of opinion that plaintiff has satisfied the pleading requirements of the Federal Rules, and defendants should now answer the complaint. We conclude, however, that defendants have clearly met their burden of showing that the appropriate forum for this action is the United States District Court for the Middle District of Florida. Hence, defendants' motion to transfer this action is granted.

On a motion to dismiss a complaint, the issue to be decided is not whether a plaintiff will prevail but whether he is entitled to offer evidence in support of his claim. *Green v. Hamilton Intern Corp.*, 437 F.Supp. 723 (S.D.N.Y.1977). On such a motion, all facts and inferences reasonably deducible from the complaint must be construed in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Thus, despite defendants' numerous objections, the court believes that plaintiff "should have the opportunity to develop whatever proof is available so that . . . [he] may offer evidence to support . . . [his] claims." *Budco, Inc. v. The Big Fights, Inc.*, 594 F.2d 900, 902 (2 Cir. 1979). Although this conclusion is not reached by mathematical formula, it is apparent that since the complaint has been reduced to virtually a single allegation, the better course is to allow plaintiff to "proceed by discovery to the point where either a trial or an appropriate summary judgment motion would lie." *Id.*

Plaintiff has endeavored to cure the material deficiencies in the original complaint by a series of allegations in which he alleges that the proxy statement contained material misstatements and omitted to state material facts necessary to make the statements therein not false and misleading

"[i]n stating that the $6 per share paid to L&S shareholders (the Class) is equal in value to the debentures having a face value equal to $11 per share given to defendant DENEGRE and INGRAM;" (Amended Complaint ¶ 33(a) );

and in that

"[t]he Opinion submitted by BROWN and included in the Proxy Statement stated that the fair market value of the exchange debentures does not exceed $6.00 per share for each share exchanged." (Amended Compl. ¶ 33(b) ).

Plaintiff further alleges that the foregoing statements were false because the fair market value of the exchange debentures was in excess of $9.00 per share. He asserts, moreover, that defendant Alex. Brown & Sons ("Alex. Brown") knew at all times that the fair market value was substantially in excess of the stated $6.00 per share, that the proxy statement would be used to induce the L&S shareholders to vote in favor of the merger, and that the company willfully and intentionally issued such an opinion. Finally, plaintiff alleges that the individual defendants knew that the statements contained in the proxy statement were false and misleading and that all the defendants participated in the preparation and dissemination of the proxy statement containing the statements for the purpose of inducing the members of the plaintiff class to vote for the proposed merger (Amended Compl. ¶¶ 34–38). This is claimed to state violations of provisions of Section 14(a) and (e) of the Securities Exchange Act of 1934 (the "Act") and Rule 14a–9 promulgated thereunder, and Section 10(b) of the Act and Rule 10b–5 promulgated thereunder and Section 20(a) of the Act (Amended Compl. ¶¶ 39, 44).

In its earlier decision, this court found that plaintiff had failed to allege a misrepresentation or omission that would fairly amount to a manipulative or deceptive device within the meaning of the Act and that, standing alone, the Alex. Brown opinion did not constitute such a device. Rather, the court was of opinion that plaintiff merely challenged the terms of the merger as unfair to the public shareholders.

Plaintiff has responded to the court's admonition that the opinion of an outside investment banking firm cannot be considered a misrepresentation without a specific allegation that the firm intentionally caused a false statement to be issued with precisely such an allegation. Far from alleging generally that Alex. Brown fraudulently represented that the $6.00 merger price was "equal in value" to the deben-

tures issued to Ingram and Denegre, which the court viewed as merely questioning the fairness of the merger terms, plaintiff now asserts that Alex. Brown issued its opinion knowing at all times that the value of the debentures was substantially in excess of $6.00, in fact, at least $9.00 and that the other defendants knowingly prepared and disseminated a proxy statement containing such an opinion.

As counsel for Alex. Brown correctly observes, plaintiff's amended complaint has certainly changed in complexion. His complaint now alleges that misleading disclosures were made in the proxy statement sufficient to amount to a manipulative or deceptive contrivance within the meaning of the Securities Exchange Act and thus sufficient to state a claim upon which relief may be granted. Plaintiff's allegations narrowly specify the conduct alleged to have violated plaintiff's rights; his broad and vague complaint has been reduced to the simple theory that Alex. Brown knowingly issued a false opinion and that the remaining defendants participated in the preparation and dissemination of the proxy statement containing the statements knowing that they were false and misleading.[1]

Although the effect of the amendment is to place defendants in the undesirable position of being required to answer a charge of this nature, it cannot be said that plaintiff's allegations were not presaged by the original complaint. Thus, while defendants express incredulity at the evolution of plaintiff's charge and question his ability to plead on knowledge rather than on information and belief as done previously, defendants have now been given specific notice of the conduct complained of and thus should have little difficulty framing a response to the charge and preparing a defense to the allegations of misconduct.

Under Rule 11, F.R.Civ.P., moreover, an attorney's signature upon the complaint is a certificate that to the best of his knowledge, information, and belief there is good

---

1. The sufficiency of plaintiff's allegations with respect to the materiality of the statements and their connection with plaintiff's alleged injury has not been contested on this motion.

ground to support it. This casts upon the attorney an affirmative obligation that he be satisfied in good faith that there is good reason to support the claim, see *Freeman v. Kirby*, 27 F.R.D. 395, 397 (S.D.N.Y.1961); see also *Crimmins v. American Stock Exchange, Inc.*, 368 F.Supp. 270, 281 (S.D.N.Y. 1973), and thus provides defendants with the attorney's certificate of good faith and a remedy for wilful violation of the rule. Finally, discovery should promptly reveal whatever merit exists in plaintiff's action or the basis, if any, for a motion pursuant to Rule 56, F.R.Civ.P., for summary judgment. Defendants therefore have adequate protection against completely unfounded allegations of fraud.

■■■ The individual defendants also suggest that the amended complaint fails to allege fraud with the particularity required under Rule 9(b), F.R.Civ.P. Because the allegations are no longer impermissibly vague in that they specify the objectionable transaction, identify the allegedly misleading statements, the specific manner in which they are considered false, and include allegations of participation by the defendants (all directors and, with the exception of Denegre, officers of one or another of the defendant corporations) in the preparation and dissemination of the offending proxy statement from which an inference of fraud by each participant can reasonably be drawn, the complaint satisfies the requirements of Rule 9(b). *Cf. Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518, 521 (S.D.N.Y.1977). Although all defendants are asserted to have participated in the preparation and dissemination of the proxy statement, the court believes that no more should be required under the rule where each of the five individual defendants is in a position to comprehend the nature of his conduct from which plaintiff has drawn an inference of fraud and each will be able to answer the charge and defend against it. See *Felton v. Walston and Co., Inc.*, 508 F.2d 577, 582 (2 Cir. 1974). Since no useful purpose would be served at this point by dismissing the complaint for failure to delineate the precise role of each individual in the preparation and dissemina-

tion of the proxy statement, *cf. Gilman Bros., Inc. v. Peat, Marwick, Mitchell & Co.*, [Current Transfer Binder] CCH Fed.Sec.L. Rep. ¶ 96,512 at 93,995 (S.D.N.Y.1978), the individual defendants should answer and rely on appropriate motion to spare the expense and delay of a trial. See *Felton v. Walston and Co., Inc., supra* at 582.

Turning now to defendants' alternative motion for an order transferring the action to the United States District Court for the Middle District of Florida, the court notes that it is apparently conceded that this action "might have been brought" in that district within the meaning of 28 U.S.C. § 1404(a). See *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Thus, the court's inquiry will be limited to determining whether defendants have met their burden of clearly showing that litigation in the proposed transferee district would be more convenient and would better serve the interests of justice. See *First National City Bank v. Nanz, Inc.*, 437 F.Supp. 184, 188 (S.D.N.Y.1975); *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967).

■■■ A court must weigh the following criteria in exercising its discretion on a motion to change venue: (1) convenience of the parties; (2) convenience of the material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general. See, *e. g., Car Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82, 85 (N.D.N.Y. 1977); *Scheinbart v. Certain-Teed Products Corp.*, 367 F.Supp. 707 (S.D.N.Y.1973). While plaintiff's choice of forum is generally entitled to great weight in assessing the balance, two considerations in this case undermine his choice. Since the operative facts underlying the alleged cause of action have no material connection whatsoever with this forum, plaintiff's choice of forum is a less weighty consideration. *Credit Alli-*

*ance Corp. v. Nationwide Mutual Insurance Co.*, 433 F.Supp. 688 (S.D.N.Y.1977); *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 87 (S.D.N.Y.1977). In a purported stockholder class action, moreover, the existence of hundreds of potential plaintiffs considerably weakens plaintiff's claim that his home forum is the most appropriate. See *Shulof v. Westinghouse Electric Corp.*, 402 F.Supp. 1262, 1263 (S.D.N.Y.1975); *Schneider v. Sears, supra* at 266. This court only recently applied this analysis in a shareholder derivative suit and found transfer appropriate. See *Abramson v. INA Capital Management Corp.*, 459 F.Supp. 917 (E.D.N.Y. 1978).

■ As a preliminary matter, the court notes that only defendants have properly supported this motion by affidavits of the parties or their prospective witnesses outlining the material nature of their expected testimony and the reasons for their belief that a transfer is necessary for the convenience of the witnesses and the interest of justice. See *Car-Freshner Corp. v. Auto Aid Mfg. Corp., supra* at 85. Defendants have submitted affidavits of defendants Druce, Graham, Wilson and Mason, each of whom attests that he is familiar with facts which are or may be material to the allegations of the complaint and that he is active in the day-to-day management of Charter, Charter Holding and L&S. Each asserts that pre-trial proceedings and trial in Florida would be more convenient and less disruptive of his business and personal affairs than litigation in this District. Defendants have also submitted an affidavit of E. Robert Kent, Jr., a partner in defendant Alex. Brown, which asserts that all the work done in preparation for the proxy statement was through Alex. Brown's Baltimore office and thus all the personnel involved in the issues raised in this litigation work in that office. He joins in support of the motion to transfer the action to Florida. Plaintiff, on the other hand, has failed to provide any supporting affidavits in opposition to defendants' motion.

It is apparent that the convenience of the parties, who will also be the principal witnesses in this action, favors a transfer to Florida. The concentration of the parties in the Florida area (defendant Denegre resides in New Orleans) and the obvious disruption caused to their daily work routines and that of the corporations they work for is persuasive evidence that such a transfer would promote the parties' convenience. See *Schreiber v. Northwestern Mutual Life Insurance Co.*, 361 F.Supp. 625, 626 (S.D.N.Y.1973). Defendants suggest, moreover, that many of the non-party witnesses—officers, directors and employees of the defendant corporations—reside and work in the Jacksonville, Florida area and will be greatly inconvenienced by trial in New York. (First affidavit of Graham.) Further, Frederick Ingram, named as a defendant in the original complaint and a party to the purchase agreement at issue, resides in New Orleans. Since deposition testimony in a fraud case where credibility is crucial is not wholly satisfactory, transfer is warranted. See, *e. g., Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 260 (S.D.N.Y. 1974).

■ In this posture, plaintiff cannot rely on the unsupported contention that the convenience of plaintiff and his expert witnesses should change the balance heavily in favor of transfer. First, the convenience of expert witnesses is not entitled to much, if any, consideration. See, *e. g., Schlusselberg v. Werly*, 274 F.Supp. 758, 764 (S.D.N.Y. 1967); *Leinberger v. Webster*, 66 F.R.D. 28 (E.D.N.Y.1975). Second, it is clear that plaintiff himself is not in a position to testify to the substance of the transaction in issue since he was merely a former shareholder of 100 shares of L&S stock. This is so despite the fact that plaintiff has pleaded the amended complaint on what appears to be knowledge. Litigation in Florida should not present an intolerable burden on plaintiff or on any witnesses he intends to call; they need only stay in the forum while testifying. See *Star Lines Ltd. v. Puerto Rico Maritime Ship A.*, 442 F.Supp. 1201, 1207 (S.D.N.Y.1978). In fact, since the great part of the material testimony must evidently come from the defendants and the

employees of the defendant corporation for proof of both plaintiff's and defendants' cases, plaintiff should not be greatly prejudiced should be rely upon deposition testimony to an extent. See *Y⁴ Design, Ltd. v. Regensteiner Pub. Enterprises*, 428 F.Supp. 1067, 1069 (S.D.N.Y.1977). Plaintiff, in any event, has not alleged that, should he find witnesses outside the subpoena power of the proposed transferee district, they would be unwilling to attend proceedings in that district voluntarily.

Defendants also suggest that the relative ease of access to sources of documentary proof support their motion to change venue. They assert that most of the proof is contained in records at the corporations' headquarters in Florida and that the documentary proof with respect to the Alex. Brown opinion is located in Baltimore, Maryland. Alex. Brown itself insists that trial in Florida will be more convenient and this representation must prevail over plaintiff's bald assertion that New York would be a more convenient forum for Alex. Brown. Finally, there is no serious dispute that the direct and indirect costs of litigation in this district would be far greater than litigation in Florida, and thus on balance defendants have clearly shown the need for transfer in the interest of justice. In view of the foregoing, plaintiff's residence in this district is insufficient to overcome the overwhelming case defendants have made for transfer. Accordingly, defendants' motion to transfer this action to the United States District Court for the Middle District of Florida is granted.

SO ORDERED.