**ESTEE LAUDER, INC., Aramis, Inc., and Clinique Laboratories, Inc., Plaintiffs,**

v.

**HARCO GRAPHICS, INC., Harry Aronson, and Spencer Press, Inc., Defendants.**

**No. 82 Civ. 2354(MP).**

United States District Court, S.D. New York.

Feb. 18, 1983.

Hendler & Murray by Michael Maillet, New York City, Virginia LoPreto, Brooklyn, N.Y., for plaintiffs.

Satterlee & Stephens by James F. Rittinger, Geoffrey H. Ward, Gregory J. Barnes, New York City, for defendant Spencer.

## MEMORANDUM AND OPINION

MILTON POLLACK, District Judge.

Defendant Spencer Press has moved the Court to dismiss plaintiff's claim pursuant to Rules 12(b)(6), 9(b) and/or 11 of the Federal Rules of Civil Procedure. Because defendant's motion was supported by materials that are outside the scope of the pleadings, the Court informed the parties on January 18, 1983, that the motion would be treated as one for summary judgment as provided for in Rule 56, Fed.R.Civ.P. The parties have responded to the Court's request and have each submitted a separate, short and concise statement of the material facts as required by Rule 3(g), Local Rules for the Southern District of New York. Defendant has provided the material facts over which it contends there is no genuine issue to be tried and plaintiff has identified those facts that it contends are genuinely in issue.

The existence of sufficiently controverted genuine issues of material fact makes disposition of this case by summary judgment inappropriate and defendant's motion is denied, without prejudice. In light of this disposition of the summary judgment motion, plaintiff's motion to sever its claims against Harco Graphics and Harry Aronson, and for leave to file an amended complaint alleging diversity jurisdiction against Spencer Press is moot at this time.

*Underlying Controversy.*

Plaintiff's contentions of fact are as follows: On behalf of plaintiff, but without plaintiff's knowledge, Stephen V. Juda hired Spencer Press through Harco Graphics to do printing. Juda arranged for Spencer Press to include secret charges in its invoices to plaintiff. These charges were forwarded to Harco Graphics, Inc. which in turn kicked-back payments to High Street Graphic Corporation which is a dummy corporation owned by Juda. Harco Graphics received over $1.8 million in payments from Spencer Press, an amount equal to twenty-one percent of the invoices submitted by Spencer Press to plaintiff. Harco Graphics performed no services for these fees and Spencer Press knew that the invoices were in part fictitious and that Juda was receiving kickbacks.

Four claims in the complaint are raised against defendant Spencer Press. Three of these involve alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and § 1962(d). The fourth claim is for common law fraud.

*Motion for Summary Judgment.*

Defendant seeks dismissal of the action due to plaintiff's alleged failure to present a claim for relief cognizable under RICO, to allege fraud with particularity or to couple Spencer Press with the alleged fraud.

The record before the Court indicates that there are genuine issues of material fact with respect to the existence of an enterprise as defined by the RICO statute, the association of defendant Spencer Press with such an enterprise, the association of the alleged enterprise with organized crimi-

nal activity, the intent and knowledge of defendant concerning the underlying predicate acts and the existence of injury caused by alleged violation of the RICO statute. These factual issues may be resolved only through an evidentiary proceeding. In particular, the fairness and reasonableness of the printing charges and the absence of knowledge by Spencer Press of Harco Graphics' disposition of funds through any chain of dummy corporations connected with Juda are such issues. The true character of the issues raised by plaintiff, whether aberrational, contrived or deliberately sham, as contended by defendant, will have to await the trial. Plaintiff bears a heavy burden of vindicating with evidence the grave charges it has levelled against a seemingly respectable business organization particularly in the light of its possession of evidence, disclosed from the files of plaintiff's representatives, that defendant lacked knowledge of any impropriety of the acts of Harco Graphics and Juda.

The true status of Harco Graphics, as a contractor, printing broker or otherwise, and whether it was at all improper for Harco Graphics to share in the proceeds generated by Spencer Press's production for plaintiff, can only be determined after evidence is presented. Here too, plaintiff will bear a heavy burden to prove that payments to Harco Graphics were in any way unjustified.

While plaintiff will bear a heavy burden in vindicating its allegations that Spencer Press had knowledge of the claimed fraudulent activity, plaintiff's claims survive a Rule 9(b) motion to dismiss. Rule 9(b) of the Federal Rules of Civil Procedure requires in pertinent part that "in all averments of fraud, . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent and knowledge may be averred generally." Plaintiff has satisfied these requirements with respect to its claims against Spencer Press.

Plaintiff has specified the exact invoices that it claims contained falsified charges. Moreover, plaintiff has specified the precise

manner that it alleges that Juda, Harco Graphics and Spencer transferred funds among themselves. It is clear that defendants have adequate notice of the claims lodged against them, with sufficient particularity to enable them to prepare their defense. *See Posner v. Coopers & Lybrand,* 92 F.R.D. 765, 768 (S.D.N.Y.1981); *Helfant v. Louisiana & Southern Life Insurance Co.,* 82 F.R.D. 53, 57 (E.D.N.Y.1979).

Finally, in light of the above discussion, defendant's motion to dismiss under Rule 12(b) based on the impossibility of alleging facts regarding fraud by Spencer is also denied. Similarly, defendant's request for relief pursuant to Rule 11, Fed.R.Civ.P. is also inappropriate at this time.

*Conclusion.*

Defendant Spencer Press's motion to dismiss, which has been treated as a motion for summary judgment, is denied in all respects, without prejudice.

SO ORDERED