Frank P. ANTINORE, et al.

v.

ALEXANDER & ALEXANDER SERVICES, INC., Alexander & Alexander, Inc. and Evanston Insurance Company.

Master Docket No. 4–82–874.

Civ. A. No. 4–84–14.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 24, 1984.

Lowell E. Sachnoff, Charles R. Watkins, Chicago, Ill., for plaintiffs.

John Labovitz, Washington, D.C., Jeanne Forneris, Minneapolis, Minn., for defendant Alexander & Alexander.

Theodore A. Boundas, Keith Hanson, Chicago, Ill., for defendant Evanston Ins. Co.

MEMORANDUM OPINION
AND ORDER

WEINER, District Judge.[1]

This action arises from the Flight Transportation Corporation ("FTC") Securities Litigation pending before this court under Master Docket No. 4–82–874. Plaintiffs, purporting to be representatives of a class of all persons who purchased FTC securities during the period from November 30, 1979 to June 18, 1982,[2] bring this action

1. Judge Weiner, a district court judge in the Eastern District of Pennsylvania, is sitting by designation.

2. There are five purported subclasses. Subclass I consists of persons who purchased, directly or in the aftermarket, common stock of FTC issued pursuant to a registration statement declared effective by the SEC on November 30, 1979; subclass II consists of persons who purchased, directly or in the aftermarket, common stock and/or warrants to purchase common stock of FTC offered as units of securities of FTC, each unit consisting of one share of common stock of FTC and one half of a warrant to purchase one share of common stock of FTC, issued pursuant

to a registration statement declared effective by the SEC on March 2, 1981; subclass III contains persons who purchased, directly or in the aftermarket, common stock of FTC issued pursuant to a registration statement declared effective on June 3, 1982; subclass IV consists of persons who purchased, directly or in the aftermarket, debentures and/or warrants to purchase common stock of FTC offered as units of securities of FTC, each unit consisting of a $1,000 principal amount 11¼% Sinking Fund Debenture due June 1, 1995, and warrants to purchase 57 shares of FTC common stock, issued pursuant to a registration statement declared effective by the SEC on June 4, 1982; subclass V consists of

against the defendant, Evanston Insurance Company ("Evanston"), a corporation organized and existing under the laws of the State of Illinois. Plaintiffs allege that Evanston insured FTC against liability arising from the potential misconduct of its directors and officers ("D & O Insurance"). They allege that Alexander & Alexander Services, Inc. and Alexander & Alexander, Inc. (co-defendants in the case *sub judice* collectively referred to as "A & A"), through interlocking directors and overlapping officers, control Evanston and that various wholly-owned subsidiaries of A & A effectively own a majority of Evanston's stock. They assert that Ezell Jones ("Jones") was a corporate officer and key employee of A & A. They also allege that Jones was a member of FTC's board of directors between the fall of 1980 and June 1982.

The complaint against Evanston incorporates by reference the complaint brought against various defendants in *Antinore, et al. v. Flight Transportation Corporation, et al.*, Master Docket No. 4–82–874 ("Consolidated Complaint"). Plaintiffs allege that there were material misrepresentations, material omissions, and materially false and misleading information regarding the revenues, businesses, operations and financial condition of FTC in the 1979, 1981, and 1982 Prospectuses. They allege that on October 2, 1980 and October 21, 1981, Evanston, through the efforts and supervision of Jones, issued policies of D & O Insurance to FTC. Plaintiffs contend that the maintenance of D & O Insurance was an integral part of the allegedly fraudulent scheme described in the Consolidated Complaint. They allege that Evanston possessed the power to direct and control the actions of Jones with respect to FTC. The particular facts are set forth in the complaint.

The eleven counts of the Consolidated Complaint are incorporated into the complaint against A & A as follows: Counts I–III allege claims pursuant to Section 11

of the Securities Act in connection with the November 30, 1979, March 2, 1981, and June 3 and 4, 1982 Registration Statements and Prospectuses; Count IV asserts an action pursuant to Section 10(b) of the Exchange Act for false and misleading disseminations. Counts V–VII allege a violation of Section 12(2) of the Securities Act; Count IX asserts common law fraud and reckless misrepresentations. Count X is brought pursuant to two sections of the Minnesota securities laws; and Count XI asserts liability under the Racketeering Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1961–1968.

Presently before the court is the defendant's motion to dismiss the entire complaint. It contends that Counts I–III and Count V–VII are barred by the statute of limitations. It contends that Counts I–VII should be dismissed for failure to state a claim of secondary liability. Evanston further contends that Count IV must be dismissed for failure to state with particularity the circumstances constituting Evanston's purported fraud. Evanston asserts that it cannot be held liable under any counts of the Consolidated Complaint as a control person. Finally, Evanston claims that Counts IX and X must be dismissed for lack of jurisdiction.

The standard governing a motion to dismiss has been stated by the Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For the purposes of motion, the well-pleaded material allegations of the complaint are taken as admitted. 2A Moore's Federal Practice ¶ 12.08 (1983).

## STATUTE OF LIMITATIONS

Evanston argues that the plaintiffs have been an inquiry notice of the claims against it since the Consolidated Complaint was

---

persons who purchased FTC securities but who are not included in any of Subclasses I, II, III or

IV. (Complaint, ¶ 27.) They all claim to have suffered a loss from their purchases.

filed in October 1982, thereby rendering the Section 11 and 12(2) claims of the complaint *sub judice*, filed in January 1984, beyond the one year limitation period of Section 13. Defendant also contends that the plaintiffs have failed to affirmatively plead compliance with Section 13. These arguments have also been raised by co-defendant A & A in support of its motion to dismiss. We have ruled on A & A's motion to dismiss in an opinion also filed today. *Antinore, et al. v. Alexander & Alexander Services, Inc., et al.*, 597 F.Supp. 1353 (D. Minn.1984). We adopt the reasoning of that opinion with respect to the statute of limitations, *Id.* at 1356–1358, and dismiss Count I of the consolidated Complaint as to Evanston. Moreover, plaintiffs are given leave to amend the complaint to plead compliance with the limitations requirements of Section 13 in connection with their claims for relief under Sections 11 and 12(2).

### SECONDARY LIABILITY UNDER SECTIONS 11, 12(2) AND 10(b)

In accordance with today's ruling on A & A's motion to dismiss, we hold that plaintiffs may not assert Section 11 and 12(2) claims against Evanston based on a theory of aiding and abetting liability. *Id.* at 1358–1359.

Defendant's claim that the plaintiffs have failed to state a cause of action for secondary liability under Section 10(b) requires more extended discussion. In order to assert aiding and abetting liability under Section 10(b) and Rule 10b–5 promulgated thereunder, a plaintiff must prove the following:

(1) the existence of a securities law violation by the primary party (as opposed to the aiding and abetting party);

(2) "knowledge" of the violation on the part of the aider and abettor; and

(3) "substantial assistance" by the aider and abettor in the achievement of the primary violation. *Stokes v. Lokken*, 644 F.2d 779, 782–783 (8th Cir.1981); *see also ITT, An International Investment Trust v. Cornfield*, 619 F.2d 909, 922 (2d Cir.1980); *Monsen v. Consolidated Dressed Beef Co.*, 579 F.2d 793, 799 (3d Cir.), *cert. denied*, 439 U.S. 930 [99 S.Ct. 318, 58 L.Ed.2d 323] (1978).

Evanston contends that the complaint fails to allege the second two elements of the three part test. Evanston also contends, with respect to the Section 10(b) claims, that the plaintiffs have failed to allege fraud with sufficient particularity in accordance with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Because each argument, in effect, alleges a deficiency of pleading, we will treat them as one.

"Conclusory allegations that defendant's conduct was fraudulent and deceptive" are not sufficient to satisfy the particularity requirement of Rule 9(b). *Decker v. Massey-Ferguson, Inc.*, 681 F.2d 111, 114 (2nd Cir.1982) (citing *Segal v. Gordon*, 467 F.2d 602, 607 (2nd Cir.1972)). What is required is that plaintiffs set forth the "time, place and circumstances of the alleged fraudulent activities." *Hagert v. Glickman, Lurie, Eiger & Co.*, 520 F.Supp. 1028, 1036 (D.C.Minn.1981) (citing *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 57 (E.D.N.Y.1979)).

As previously stated, the complaint alleges that Evanston is controlled by A & A by means of various subsidiaries wholly-owned by A & A which effectively own a majority of Evanston's stock. Complaint ¶ 12. It is also alleged that Ezell Jones was a corporate officer and key employee of A & A and that he served on FTC's board of directors between fall of 1980 and June 1982. The remainder of the pertinent allegations against Evanston read as follows:

With respect to the procurement, maintenance and renewals of D & O Insurance and otherwise, Jones was also the agent, nominee or controlled person of Evanston. Complaint ¶ 16.

On or about October 21, 1981, through Jones, FTC obtained a policy of D & O Insurance issued by Evanston. Previously, on or about October 2, 1980, Evanston had issued an earlier policy of D

& O Insurance to FTC, which also was procured through the efforts of and under the supervision of Jones. Evanston received substantial fees or premiums from FTC in connection with provision of D & O Insurance to FTC. Complaint ¶ 19.

The procurement and maintenance of FTC's insurance policies were essential to, part and parcel of, and integral in, the fraudulent plan, scheme and conspiracy alleged among the defendants in [the Consolidated Complaint]. Complaint ¶ 20.

Obtaining and maintaining D & O Insurance was also essential to and an integral part of the fraud perpetrated by William Rubin, Janet Karki, FTC and the other defendants as alleged in [the Consolidated Complaint]. Complaint ¶ 22.

At all times material hereto, A & A possessed the power to direct and control Jones' actions with respect to FTC. At all times material hereto, after D & O Insurance was first placed at FTC by Evanston, Evanston possessed the power to direct and control the actions of Jones with respect to FTC. Complaint ¶ 23. Evanston is liable for all acts of Jones as alleged herein because Jones was the agent or nominee or controlled person of A & A, with which Evanston was engaged in a common enterprise, concert of action and common plan or scheme, because Jones was the agent or nominee of Evanston, or because Evanston controlled Jones. Complaint ¶ 25.

While the court agrees with the plaintiffs that the alleged misrepresentations or omissions of the primary violators have been sufficiently detailed in the Consolidated Complaint, the allegations against Evanston do not describe how Evanston is supposed to have aided and abetted them. The plaintiffs "must inform the defendants whether they are charged with primary or secondary liability, and what role each defendant played in the alleged fraud." *Hagert*, 520 F.Supp. at 1036 (citing *Savino v. E.F. Hutton & Co., Inc.*, 507 F.Supp. 1225, 1231–32 (S.D.N.Y.1981); *Goldberg v. Meri-dor*, 81 F.R.D. 105, 110–11 (S.D.N.Y.1979)). While the defendant has, in fact, been charged with secondary liability, it has not been informed of what role it has played in the alleged fraud. Essentially, all that the plaintiffs have alleged is that Evanston is an aider and abettor because it issued D & O Insurance to FTC. This is a conclusory allegation insufficient to satisfy the particularity requirement of Rule 9(b). Accordingly, plaintiffs are given leave to amend the complaint to detail allegations of Evanston's role as an aider and abettor.

## CONTROL PERSON LIABILITY

Because the amended complaint may contain additional allegations that have a bearing on the plaintiffs' assertion of control liability against Evanston, we reserve judgment with respect to the defendant's contention that Count VIII of the Consolidated Complaint must be dismissed. Defendant may renew this argument at a later stage of the proceedings.

## ORDER

The motion of defendant, Evanston Insurance Company, to dismiss plaintiffs' complaint is GRANTED in part.

The following is hereby ORDERED:

1. Count I of the Consolidated complaint is DISMISSED as to Evanston.

2. The plaintiffs have thirty (30) days from the date of the filing of this order to amend the complaint against Evanston to plead compliance with the limitations requirements of Section 13 in connection with their claims for relief under Sections 11 and 12(2).

3. Plaintiffs have thirty (30) days from the date of the filing of this order to amend the complaint against Evanston to plead allegations of fraud with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.