850 F.Supp. 188 (1994)
In re EASTERN DISTRICT REPETITIVE STRESS INJURY LITIGATION.
Nos. 92-CV-2221, 92-CV-2223, 92-CV-2229, 92-CV-2233, 92-CV-2235, 92-CV-2236, 92-CV-2583, 92-CV-2590, 92-CV-2770, 92-CV-2772, 92-CV-2774, 92-CV-2775, 92-CV-2776, 92-CV-2824, 92-CV-2825, 92-CV-2826, 92-CV-2827, 92-CV-2828, 92-CV-2911, 92-CV-2924, 92-CV-2925, 92-CV-2941, 92-CV-2942, 92-CV-2943, 92-CV-3007, 92-CV-3008, 92-CV-3009, 92-CV-3105, 92-CV-3126, 92-CV-3397, 92-CV-3516, 92-CV-3554, 92-CV-3967, 92-CV-3994, 92-CV-4028, 92-CV-4063, 92-CV-4176, 92-CV-4291, 92-CV-4308, 92-CV-4311, 92-CV-4312, 92-CV-4327, 92-CV-4617, 92-CV-4697, 92-CV-4700, 92-CV-4784, 92-CV-4785, 92-CV-4917, 92-CV-5226, 92-CV-5228, 92-CV-5259, 92-CV-5441, 92-CV-5504, 92-CV-5630, 92-CV-5946, 92-CV-6087, 92-CV-6089, 93-CV-0283, 93-CV-0366, 93-CV-0400, 93-CV-0425, 93-CV-0427, 93-CV-0532, 93-CV-0556, 93-CV-0698, 93-CV-0854, 93-CV-0919, 93-CV-1088, 93-CV-1303, 93-CV-1318, 93-CV-1321, 93-CV-1354, 93-CV-1497, 93-CV-1507, 93-CV-1523, 93-CV-1524, 93-CV-1541 and 93-CV-1781.
United States District Court, E.D. New York.
April 20, 1994.
*189 *190 APPEARANCES:[1]
Levy, Phillips & Konigsberg by Steven J. Phillips, New York City, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria by Michael A. Ponterio, Buffalo, NY, for plaintiff.
Nixon Hargrave Devans & Doyle by Edward J. Burns, Rochester, NY, for defendants 805 Middlesex, Bell Northern, Computer Consoles, Inc., Eastman Kodak Company, Northern Telecom, Inc. and Northern Telecom, Ltd.
Baker & McKenzie by Robert J. Kashtan, New York City, for defendants Acer America Corp. and Altos Computer Systems.
Gordon & Silber by Michael Yoeli, New York City, for defendant AEG Olympia Corp., Inc.
Law Offices of Earl Barrison by Earl Barrison, New York City, for defendant AM Intern.
Edwards & Angell by Alfred R. Paliani, Ira Greenberg, New York City, for defendants American Tel. & Tel. Co., AT & T Teletype Corp., Western Elec. Co., AT & T Technologies, Applied Digital Data Systems and NCR Corp.
Bower & Gardner by Deborah Del Sordo, New York City, for defendant Ampex Corp.
O'Brien & Mayr by Robert B. Churbuck, Rockville Centre, NY, for defendants Apertus Technologies, Inc. and Gateway 2000, Inc.
Sedgwick Detert Moran & Arnold by Kimberly S. Penner, New York City, for defendants Apollo Computers, Inc., Hewlett-Packard Co. and Mitsubishi Electronics America, Inc.
*191 Saperston & Day, P.C. by Thomas E. Liptak, Buffalo, NY, for defendant Apple Computers, Inc.
Heidell Pittoni Murphy & Bach, P.C. by Michael T. Walsh, New York City, for defendants AST Research Inc. and Recognition Equipment, Inc.
Boswell & Levitt by Drew M. Levitt, Boca Raton, FL, for defendant Bacp, Inc.
Rodgers, Menard & Coppola, by Michael Menard, Buffalo, NY, for defendant Barrister Information Systems Corporation.
Barron, Braun, Carroll, Harms, McDonald & Chionchio, by Virginia E. McDonald, New York City, for defendant Behavior Technology Computers Corp.
Standard Weisberg, P.C. by Arthur Liederman, Suzanne Perla, New York City, for defendants C. Itoh Electronics, Epson America, Inc., Fujitsu America, Inc., Fujitsu Systems Business of America, Inc., Matsushita Electric Corp. of America, Panasonic Company and Seiko Corporation of America.
Stroock & Stroock & Lavan by Rhonda Yacker, New York City, for defendant Canon U.S.A., Inc.
Torino & Singer, P.C. by Bruce A. Torino, Mineola, NY, for defendant Casio, Inc.
Oppenheimer, Wolff & Donnelly by Thomas M. Gandolfo, New York City, for defendant Ceridian Corp.
Olshan, Grundman, Frome & Rosenzweig by Lawrence A. Hoffman, New York City, for defendant Chicony America, Inc.
Kaye, Scholer, Fierman, Hays & Handler by Scott M. Berman, New York City, for defendant Commodore Business Machines, Inc.
Debevoise & Plimpton by John S. Kiernan, New York City, for defendant Compaq Computer Corp.
Curtis, Zaklukiewicz, Vasile, Devine & McElhenny by Paul S. Devine, Merrick, NY, for defendants Contel Corp. and GTE Corp.
John P. Connors, Staten Island, NY, for defendant CPT Office Systems, Inc.
Fulbright & Jaworski by Mark S. Dreier, New York City, for defendants Datageneral Corp. and Ontel Corp.
Brody & Fabiani by Stephen M. Cohen, New York City, for defendants Data Point Corp., Northgate Computer, Corp., Prime Computer, Inc., Xscribe Corp., Wyse Technology, Inc. and Wyse Technology (Delaware) Inc.
Capriano Lichtman & Flach by Eleanor N. Flach, New York City, for defendants Davox Corp., Goldstar Technology, Inc., Hastech, Inc., ICL, Inc., Information Intern., Inc., Intellicall Inc. a/k/a Intecal Leading Edge Products, Inc. Microsoft Corp., Ontel, Samsung Information Systems America Inc., Sun Microsystems, Inc., Swintec Corp. System Integrators, Inc., Tandem Computer Inc., Xyvision Inc., Xyvision Design Systems, Inc.
Martin Clearwater & Bell by Sean F.X. Dugan, New York City, for defendant Decision Data Holdings, Ltd.
Kraditor, Haber & Bienstock by Lee Knife, New York City, for defendant Dell Computer Corp.
Beatie King & Abate by Kenneth J. King, New York City, for defendants Digital Equipment Corp. and Digital Equipment Corp., successor to Philips Information Systems, a div. of North American Philips Corp., a subsidiary of Philips Electric N.V. of the Netherlands, formerly known as Micom Data Systems, a subsidiary of Micom Co.
Lester, Schwab, Katz & Dwyer by Rosanna Polito, New York City, for defendants Electrocom Automation, Inc., Fountain Technologies, Inc. and Miles, Inc.
Bryan, Cave, McPheeters & McRoberts by Robert J. Dwyer, New York City, for defendants Esco Electronics Corp. and Hazeltine Corp.
Costello & Shea by Steven E. Garry, New York City, for defendants E-Systems, Inc., Harris Corp., Lanier Business Products, Lanier Worldwide, Inc.
Rivkin, Radler & Kremer Uniondale, by Josh H. Kardisch, Uniondale, NY, for defendants General Instrument Corp., Quixote Corp. and Stenograph Corp.
*192 Curtis, Zaklukiewicz, Vasile, Devine & McElhenny by Paul S. Devine, Merrick, NY, for defendant GTE Corp.
Skadden, Arps, Slate, Meagher & Flom by Honora M. Keane, Sheila L. Birnbaum, New York City, for defendant Honeywell, Inc.
Cerussi & Spring by Joseph A. D'Avanzo, White Plains, NY, for defendant Intern. Business Machines Corp.
Shea & Gould by Clifford James, New York City, for defendant ITT Corp.
Braff, Harris & Sukoneck by Christopher Hough, Livingston, NJ, for defendants ISC-Bunker Ramo Corp. and the Olivetti Office USA, Inc.
Cairo & Marano, North Valley Stream, NY, for defendant Kansai Special, U.S.A. Corp.
Geoffrey W. Soule, President, San Diego, CA, for defendant Kaypro Corp.
Damon & Morey by Thomas J. Drury, Buffalo, NY, for defendant Keytronic Corp.
Herzfeld & Rubin by Jeffrey L. Chase, New York City, for defendants Konica Business Machines U.S.A., Inc., Sperry Rand Corp., Sperry Remington, Sperry Univac and Unisys Corp.
Mallow, Konstam, Hager & Fischer by Gerold Mallow, New York City, for defendant Litton Industries, Inc.
Peltz, Walker & Dubinsky, New York City, for defendant Lockheed Corp.
David Kogelman, New York City, for defendant Maxi Switch, Inc.
Ahmuty, Demers & McManus by Christopher Kendric, Albertson, NY, for defendants Memorex Corp. and Memorex Telex Corp.
Savona & Scully by Raymond M. D'Erasmo, New York City, for defendant Microsoft Corp.
Kelly, Rode & Kelly by Dominic P. Bianco, Mineola, NY, for defendant Mitsuba Corp.
Yamada & Condemi by Richard K. Ellingboe, New York City, for defendant Mitsumi Electronics Co.
Caufield, Galvin, Heller, Harris & Colligan by Doris Duffy, New York City, for defendant National Semiconductor Corp.
Simpson, Thacher & Bartlett by George M. Newcombe, New York City, for defendants NEC America, Inc., NEC Business Communication Systems, Inc., NEC Industries, Inc., and NEC Technologies, Inc.
McMahon, Martine & Gallagher by William D. Gallagher, New York City, for defendant Packard Bell Electronics, Inc.
Bumgardner, Hardin & Ellis, P.C. by Carla M. Marino, Springfield, NJ, for defendant Pertec Computer Corp.
Morris, Duffy, Alonso & Marulli by Thomas J. Reddington, New York City, for defendant Raytheon Co.
Deitsch, Goldberg & Marin by Frederic B. Goodman, New York City, for defendant Sharp Electronics Corp.
Barry, McTiernan & Moore by Michael Banahan, New York City, for defendants Smith Corona Corp. and Texas Instruments, Inc.
Wilner & Associates, P.C. by Lee S. Gayer, New York City, for defendants Sony Corp. of America and Sony U.S.A., Inc.
Quirk & Bakalor, P.C. by Robert E. Bakalor, New York City, for defendant Tandy Corp.
Schoeman, Marsh & Updike by Charles B. Updike, New York City, for defendant Xerox Corp.
Wilson, Elser, Moskowitz, Edelman & Dicker by Mark K. Anesh, New York City, for defendant Zenith Data Systems.
Sidley & Austin by Harold M. Weidenfeld, New York City, for defendant Zenith Electronics Corp.

MEMORANDUM
HURLEY, District Judge.
Defendants seek to transfer all or part of 78 cases in which plaintiffs allege repetitive stress injuries to the districts around the United States in which plaintiffs' claims arose. Defendants also seek severance of individual plaintiffs' claims to the extent necessary to effectuate transfer.

*193 BACKGROUND

As of the date of this decision, over 450 repetitive stress injury ("RSI") cases have been filed in the Eastern District of New York on behalf of over 1,000 plaintiffs against over 100 different equipment manufacturers. In each of these cases, plaintiffs allege that they suffer from one or more of a plethora of soft tissue and other disorders including "carpal tunnel" syndrome, tendinitis, epicondylitis (commonly known as "tennis elbow"), degenerative disc disease, cervical sprain, neck pain and back pain. Plaintiffs claim that their injuries were caused by the repetitive stress involved in the use of keyboards, postal machines, video display terminals, cash registers, stenographic machines, supermarket scanners and numerous and diverse other devices designed, manufactured, and in some cases distributed, by defendants. Defendants respond that plaintiffs' injuries, if any, were caused by factors other than use of their products, such as workplace conditions, work habits, habits outside the workplace, prior traumas, and other medical conditions.
By orders dated June 2, 1992 and July 14, 1992, all RSI cases in the Eastern District of New York were consolidated before this court. Thereafter, Messrs. Phillips and Ponterio, as the attorneys for plaintiffs in the 119 cases then pending in the Eastern District of New York, moved pursuant to 28 U.S.C. § 1407, for an order transferring 40 RSI cases in other federal courts to this district for "coordinated or consolidated pretrial proceedings." That application was denied by the Judicial Panel on Multidistrict Litigation, by order filed on November 27, 1992, as the Panel was "not persuaded ... that the degree of common questions of fact among these actions rises to the level that transfer under Section 1407 would best serve the overall convenience of the parties and witnesses and promote the just and efficient conduct of this entire litigation."
While plaintiffs were unsuccessfully seeking multi-district consolidation, defendants were pursuing an appeal of the consolidation orders within this district. By decision dated December 9, 1993, In re Repetitive Stress Injury Litigation, 11 F.3d 368 (2d Cir.1993), the Second Circuit vacated the two consolidation orders, concluding that their issuance constituted an "abuse of discretion" because
[a]t this stage of the litigation, the sole common fact among these cases is a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants. As a class, the plaintiffs presumably have the usual wide variety of individual health conditions and problems that are found in any similar sample of persons and that might be relevant to the claimed injuries. The defendants manufacture or distribute a variety of mechanical devices with differing propensities, if any, to cause the harm alleged. With regard to the issues of law, the plaintiffs come from a variety of jurisdictions and rely for their claims on the laws of different states. An order that merges all discovery and court proceedings and requires the participation of all counsel simply has no basis in Rule 42.
11 F.3d at 373.
Defendants' motions to transfer venue were made while their appeal to the Second Circuit of the consolidation orders was pending. Accordingly, those motions have been held in abeyance awaiting a decision, and guidance, from the appellate court. Now in receipt of both, and for the reasons stated below and in orders entered this date in each individual case, defendants' motions are granted in 75 cases and denied in three cases whose particular facts justify retention by this court.

DISCUSSION

I. Transfer of Venue
A federal district court may transfer a civil action "to any other district or division where it might have been brought" when transfer will serve "the convenience of parties and witnesses" or furthers "the interest of justice." 28 U.S.C. § 1404(a).
On a motion to transfer, the movant bears the burden of establishing that the motion should be granted. Factors Etc., Inc. v. Pro Arts Inc., 579 F.2d 215, 218 (2d Cir. *194 1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).
Defendants must establish both (1) that the actions could have been brought in the proposed transferee districts and (2) that transfer serves the convenience of parties and witnesses or is in the interests of justice.
The issue of whether a particular action might have been brought in the proposed transferee district requires individualized treatment and is addressed in the orders entered this date in each individual case. The issue of whether transfer will serve the convenience of the parties and witnesses or serves the interest of justice is addressed below.

Plaintiff's Choice of Forum
A plaintiff's choice of forum is generally entitled to "great weight." Helfant v. Louisiana & Southern Life Ins. Co., 82 F.R.D. 53, 57 (E.D.N.Y.1979). However, when a plaintiff's chosen forum has no connection to the events which gave rise to the claim for relief, "plaintiff's choice of forum is a less weighty consideration." Helfant, 82 F.R.D. at 57; see also Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 990-91 (E.D.N.Y.1991).
In the cases at bar, the events giving rise to plaintiffs' claims occurred outside the Eastern District of New York. A primary goal of plaintiffs in suing in this district was apparently to effect a de facto multidistrict consolidation. Therefore, little deference need be shown to their choice of forum.

Convenience of Witnesses
Convenience of witnesses is the most powerful factor governing the decision to transfer a case. Saminsky v. Occidental Petroleum Corp., 373 F.Supp. 257, 259 (S.D.N.Y.1974). Courts consider the convenience of witnesses both to minimize the burden they must face, and to secure live testimony at trial. In the present cases, convenience of witnesses strongly favors transfer to the districts where the claims arose.
Minimizing Witnesses' Burdens. Defendants have shown, at least preliminarily, that individual plaintiffs' work histories, circumstances of employment, day-to-day habits, practices outside the workplace, and medical histories may have caused the injuries plaintiffs allege. As a result, trials will require testimony from treating physicians, coworkers, and persons familiar with individual plaintiffs' lifestyles. Most or all of these witnesses reside in the proposed transferee districts. Trial in the transferee districts will therefore benefit witnesses.
Securing Live Testimony. Absent transfer, most witnesses will not be subject to this court's subpoena power. See Fed.R.Civ.P. 45(b)(2). Even if witnesses were willing to testify, the long-distance travel required could impede trial in this district and would impose substantial expense on witnesses or the parties calling them. Transfer will allow live trials at lesser expense, an important factor in determining whether to transfer a case. See Hernandez, 761 F.Supp. at 990; see also Kreisner v. Hilton Hotel Corp., 468 F.Supp. 176, 178 (E.D.N.Y.1979).
Plaintiffs suggest that the problem of securing the appearance of witnesses at trial can be mitigated by use of de bene esse depositions at trial. Depositions, however, even when videotaped, are no substitute for live testimony. Ledingham v. Parke-Davis Div. of Warner-Lambert Co., 628 F.Supp. 1447, 1451 (E.D.N.Y.1986). See also Gulf Oil v. Gilbert, 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947) ("to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their case on deposition, is to create a condition not satisfactory to court, jury or most litigants.")
Location of Books and Records. The location of books and records is entitled to some weight when determining whether a case should be transferred. Mobil Oil Corp. v. SEC, 550 F.Supp. 67, 71 (S.D.N.Y.1982). In the case at bar, plaintiffs' medical records, work records, insurance records, workers' compensation records and accident reports will generally be located in the transferee districts. At the same time, the books and records of some defendants are located in the New York area. In sum, the location of *195 books and records favors neither transfer nor denial of transfer.

Convenience of Parties
Transfer will, on balance, be more convenient for all parties. Transfer will minimize travel for testifying plaintiffs, who work and/or reside in the transferee districts. While some moving defendants are incorporated in New York or have their principal place of business in this district, employees with knowledge relevant to a plaintiff's claims likely reside near where the plaintiff works.

Interest of Justice
Access to the Courts. Plaintiffs argue that transfer will deprive them of their day in court because they have limited resources and transfer would destroy the "economies of scale" which they now enjoy by litigating together in the Eastern District of New York.
While plaintiffs clearly lack the resources of defendants, they overstate the benefits of litigating in this district.
First, in light of the Second Circuit's decision reversing consolidation, each case is now a separate case. As the litigation progresses, some type of subgrouping for discovery purposes may become appropriate should  as noted by the Second Circuit  a "party seeking aggregation [so move, showing] ... common factual or legal issues warranting it." 11 F.3d at 374. However, at this juncture, there are no discernable "economies of scale" to be realized from retaining cases which have minimal contact with this district, and any future benefits that might result from retention are speculative, would be limited in scope, and would be more than outweighed by the factors favoring transfer.
Second, were plaintiffs' claims litigated in this district, defendants would still be entitled to discovery in the districts where plaintiffs' claims arose. Thus, denying transfer would not relieve plaintiffs' counsel of the need to retain local counsel or bear the expense of travelling to distant locales.
Third, litigation in this district will proceed whether or not this court grants defendants' motions. Relevant information obtained here by plaintiffs' counsel may be used in the transferee courts, thus reducing the costs of preparing those cases.
In sum, the court rejects the argument that meritorious RSI claims from distant locales will not be pursued absent access to the Eastern District of New York.
Judicial Economy. Plaintiffs argue that the economies derived from having a few judges in this district develop expertise in RSI cases will be lost if cases are transferred to districts around the nation.
Plaintiffs again overstate the benefits to be derived from denying transfer.
They err, first, by supposing that this court's decision to retain jurisdiction would relieve other courts of the burden of becoming familiar with RSI cases. Assuming plaintiffs' claims have merit, other plaintiffs, represented by other attorneys, will likely file suit in other districts. At the present time, actions are already pending or have been litigated to judgment in a number of districts.
Plaintiffs also overstate the expertise required to deal with RSI cases. This court has developed some familiarity with the science of soft tissue injuries. In essence, however, RSI cases are products liability cases, a class of cases with which every district in the country has considerable familiarity.
Local Adjudication of Local Controversies. The public interest in the local adjudication of local controversies also supports transfer. A lawsuit is not purely a matter of private concern. When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale, where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report. Gulf Oil, 330 U.S. at 509, 67 S.Ct. at 843; see also Kolko v. Holiday Inns, Inc., 672 F.Supp. 713, 716 (S.D.N.Y.1987) (interest in local resolution of dispute supported view that personal injury action should be tried where tort allegedly occurred).
*196 Forum Court's Familiarity with the Governing Law. Federal courts have generally favored adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision. Hernandez, 761 F.Supp. at 991; see also Gulf Oil, 330 U.S. at 509, 67 S.Ct. at 843 ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case"). Under the New York choice of law rules governing these diversity actions, the law of the states in which the transferee courts sit will generally provide the rules of decision in these actions. See Miller v. Miller, 22 N.Y.2d 12, 290 N.Y.S.2d 734, 737, 237 N.E.2d 877, 880 (1968). In that regard, the law of products liability varies significantly among jurisdictions. See Henderson & Twerski, A Proposed Revision of Section 402A of the Restatement (Second) of Torts, 77 Cornell L.Rev. 1512 (1992). Under such circumstances, the federal court for the district where the alleged wrong occurred is clearly the more appropriate forum. This factor therefore supports transfer.
Docket Congestion. The congestion of this court's docket also dictates transfer. Justice delayed is justice denied, and transfer to districts elsewhere in the United States will help secure the parties the prompt trials to which they are entitled. See A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 445 (2d Cir.1966) (docket congestion a factor); see also Hernandez, 761 F.Supp. at 991.
In the cases at bar, virtually all transferee districts are less congested than the Eastern District of New York, both in terms of total cases per judge and in terms of time from joinder of issue to trial.

Cases Located in the Northeast
Finally, plaintiffs argue that transfer is particularly inappropriate for cases to be transferred to other districts in the Northeast because of their close proximity to this courthouse. While the inconvenience to witnesses and parties may be somewhat diminished by close proximity, most parts of the Northeast lie outside the range of this court's subpoena power. Fed.R.Civ.P. 45(b)(2). Further, this court finds no basis for subjecting witnesses and parties in other districts to the requirement that they appear in this district when federal courthouses much closer at hand are available. Some courts have refused to transfer on the basis of convenience when two courts were close to each other. E.g., De Moraes v. American Export Isbrandtsen Lines, Inc., 289 F.Supp. 861 (E.D.Pa.1968) (transfer from Philadelphia to New York City denied); Wellington Computer Graphics, Inc. v. Modell, 315 F.Supp. 24, 28 (S.D.N.Y.1970) (transfer from Newark to New York denied). None of the cases cited by plaintiffs, however, involved facts which argued as strongly for transfer as the facts of the cases at bar.

II. Severance
Some cases in which defendants move to transfer involve multiple plaintiffs who live and work in different districts. While a court may not transfer less than an entire case under 28 U.S.C. § 1404(a), the Second Circuit has approved the practice of severing a party's claims pursuant to Fed. R.Civ.P. 21 to permit transfer. Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir.), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968). In light of this court's determination that transfer is proper and the administration of justice would be materially advanced thereby, severance will be ordered as necessary to effect transfer.

CONCLUSION
Defendants' motions for severance and transfer are granted in 75 cases and denied in three cases, as provided in the orders rendered this date in each individual case.
NOTES
[1] This appearance list reflects all counsel who have appeared in all repetitive stress injury cases before this court, each of whom has been furnished with a copy of this memorandum. Copies of the orders entered in each individual case have been sent only to the attorneys appearing in that case.