Muriel E. COPULSKY, as Executrix of the Estate of Jennie Boruchow, and Muriel Copulsky, individually, Plaintiff,

v.

Paul BORUCHOW and Kristine L. Kennedy, Defendants.

No. 81 Civ. 3687.

United States District Court, E. D. New York.

June 25, 1982.

Philip D. Brent, P. C., Nanuet, N. Y., for plaintiff.

Composto & Longo, Brooklyn, N. Y. (Frank A. Composto and Patricia Collins, Brooklyn, N. Y., of counsel), for defendant Paul Boruchow.

Shapiro, Shiff, Bailly, Rosenberg & Fox, New York City (Brian Brown, New York City, of counsel), for defendant Kristine L. Kennedy.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff, a citizen of New York, commenced this diversity action to recover damages for the wrongful death and the pain and suffering of Jennie Boruchow. 28 U.S.C. § 1332. The case arises out of a fatal automobile accident in Broward County, Florida. The decedent was a passenger in a car owned and operated by defendant Paul Boruchow, a citizen of Florida, which collided with a vehicle owned and operated by defendant Kristine Kennedy, also a Florida citizen. Both defendants were served with process in Florida.

Defendant Kennedy moved to dismiss for lack of in personam jurisdiction. Defendant Boruchow initially moved for a change of venue to the Southern District of Florida. He then moved to amend his answer to

assert the defense of lack of in personam jurisdiction.

### A. Defendant Kennedy's Motion to Dismiss.

■ This Court lacks jurisdiction over Kennedy. It is elementary that in a civil action in this Court, the summons may generally be served only in New York. Fed.R. Civ.P. 4(f). Here service was made in Florida. True it is that under Fed.R.Civ.P. 4(e) service may be made in Florida if New York law sanctions it. But New York law does not.

CPLR 302, the "long arm statute", is inapplicable because the cause of action did not arise out of an act committed in New York State. Similarly, CPLR 301 is of no comfort because defendant Kennedy lacks all contact with New York. See Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Accordingly, defendant Kennedy's motion to dismiss is granted.

### B. Defendant Boruchow's Motion to Amend his Answer.

■ Defendant Boruchow's original answer fails to object to the lack of in personam jurisdiction. Seeking now to amend his answer, defendant asserts that he inadvertently failed to include in the answer a page that asserted the defense of lack of in personam jurisdiction.

Fed.R.Civ.P. 12(h)(1) provides: "A defense of lack of jurisdiction over the person ... is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Defendant Boruchow made no motion to dismiss under Fed. R.Civ.P. 12, moving instead only for a change of venue under 28 U.S.C. § 1404(b). He has also failed to include the defense in his answer and has failed to amend his answer within the twenty days permitted for amendment "as a matter of course." Fed.R.Civ.P. 15(a). Since defendant has waived the objection to jurisdiction over his person, it would be an abuse of discretion to

permit him to resurrect the defense by way of an amendment. See Konigsberg v. Shute, 435 F.2d 551, 552 (3d Cir. 1970).

### C. Defendant Boruchow's Motion for a Change of Venue.

Finally, we turn to defendant Boruchow's venue motion. He argues that this action should be transferred to the Southern District of Florida because he alleges that is where (1) the fatal accident occurred, and (2) "substantially all of the books, records, documents, witnesses, exhibits, and all defendants involved in this action are." In addition, a related action is pending in a Florida state court. According to Boruchow, the only contact with this district is that plaintiff's decedent had been domiciled in New York and that plaintiff is still domiciled here. The plaintiff responds that she and her damages witnesses, who may include a New York doctor "who cared for [decedent] for several years," a New York economist, and the decedent's sister, also a New York resident, will relate "decedent's life story and her financial and emotional value as a whole personality [which is] interwoven and ... inextricably a part of this district and has nothing to do with the proposed transferee district."

■ This Court may transfer a civil action to any other district in which the action could have been brought "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). While plaintiff's choice of forum is still an important factor in the determination of a motion for change of venue, other factors have assumed equal significance. See, e.g., Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). Among these factors are: (1) ease of access to proof; (2) availability of compulsory process for attendance of unwilling witnesses; (4) residence of parties; (5) location of records and reports; (6) the law governing the action in a diversity case; and (7) the convenience of witnesses. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); Calavo Growers of Calif. v. Belgium, 632 F.2d 963, 966–67 (2d Cir. 1980),

*cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981).

A careful balancing of these factors calls for a transfer of this action to the Southern District of Florida. In the first place, the accident was investigated by the Florida Highway Patrol. Accordingly, the investigative reports, the photographs and the documents prepared by medical personnel who were called to the scene of the accident are all in Florida. Secondly, this Court has no jurisdiction over a resident of Florida. Hence, the defendant cannot compel any member of the Florida Highway Patrol, or any eyewitnesses to testify. Thirdly, because the accident occurred in Florida, between Florida residents, Florida's law will most likely control any choice of law question.

Accordingly, the defendant Boruchow's motion to change venue is granted.

SO ORDERED.