**Rosaria FRESCA, Plaintiff,**

v.

**Edward E. ARNOLD and Diane Arnold, Defendants.**

**No. 84 CV 0344.**

United States District Court,
E.D. New York.

Oct. 22, 1984.

Dominic J. Cornella, P.C., New York City, for plaintiff.

Pizzitola & Di Blasi, P.C., Brooklyn, N.Y. (Vincent A. Di Blasi, Brooklyn, N.Y., of counsel), for defendants.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff in this diversity action seeks three million dollars ($3,000,000) for injuries allegedly suffered when the car in which she was a passenger was hit by defendants' car, driven by co-defendant Di-

ane Arnold. Defendants have moved to dismiss for ineffective service of process. Fed.R.Civ.P. 4(f). Plaintiff has cross-moved to transfer the action to the District of New Jersey. 28 U.S.C. § 1406(a). For the reasons developed below, plaintiff's motion is granted.

### Facts

The accident occurred in New Jersey on June 11, 1982. Plaintiff, a New York resident, commenced this action on January 25, 1984. Defendants, both New Jersey residents, were served at their home in New Jersey.

Plaintiff concedes that this Court has no personal jurisdiction over defendants, but contends that the action should be transferred, rather than dismissed, because plaintiff would be barred from commencing a new action by New Jersey's two-year statute of limitations. N.J.Stat.Ann. 2A:14–2 (West 1952).

### Discussion

Plaintiff relies upon 28 U.S.C. § 1406(a) as the basis for her cross-motion to transfer. That section provides that when an action is filed in a district where venue is improper, the district court shall either dismiss the action or, if it is in the interest of justice, transfer it to the district where it could have been brought. Although on its face that section refers only to actions improperly venued, it has been extended to cases like this where venue is proper, 28 U.S.C. § 1391(a), but no personal jurisdiction exists. *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir.1978).

■ It is of no consequence, however, whether plaintiff's reliance on § 1406(a), as opposed to the general transfer statute, 28 U.S.C. § 1404(a), is proper. A district court need not elect between the two sections, *id.* at 80; it "has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice." *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179, 1181 (S.D.N.Y. 1977) (footnotes omitted). Judge Wein-

feld's statement in that case has been adopted as the law of this Circuit. *Corke v. Sameiet M.S. Song of Norway, supra,* 572 F.2d at 80.

■ The question then becomes whether it is in the interest of justice to transfer this case. The accident at issue occurred in New Jersey, both defendants reside there, and so presumably do any witnesses. Defendants filed no papers in opposition to plaintiff's cross-motion, and the Court cannot perceive any hardship to defendants if the action is transferred. Refusal to transfer, however, would work tremendous hardship on plaintiff, who admits that this Court has no personal jurisdiction over defendants. If this action were dismissed plaintiff would be barred from commencing a new action in New Jersey. *See* N.J.Stat. Ann. 2A:14–2 (West 1952). Transfer in this instance is clearly in the interest of justice. *Corke v. Sameiet M.S. Song of Norway, supra,* 572 F.2d at 80.

For the foregoing reasons, plaintiff's cross-motion is granted; there is thus no need to consider defendants' motion. It is hereby ORDERED that this action is transferred to the District of New Jersey.

SO ORDERED.