**Cesar HERNANDEZ, Plaintiff,**

v.

**GRAEBEL VAN LINES and Willie Johnson, Defendants.**

**No. CV–90–1229(ADS).**

United States District Court,
E.D. New York.

April 13, 1991.

Ross, Suchoff, Taroff, Egert & Hankin, P.C., New York City (Mark L. Hankin, of counsel), for plaintiff.

White, Fleischner, Fino & Wade, New York City (John Mulcahy, of counsel), for defendants.

## OPINION AND ORDER

SPATT, District Judge.

This diversity action arose out of a rear-end collision between two tractor trailers that occurred in the early evening hours on a highway located in Port St. Lucie, Florida. Except for the plaintiff and his treating physician(s), all other witnesses and the

material evidence are located within the confines of the State of Florida. The plaintiff commenced this action in his home forum, the Eastern District of New York, and the defendants, both nonresidents, now seek to transfer the action to the Southern District of Florida.

Since the Court finds, among other things, that the convenience of the non-party witnesses and the interest of justice are best served if this action is tried in Florida, the motion of the defendants to transfer is granted.

## I. FACTUAL BACKGROUND

On November 22, 1989, the defendant Willie Johnson ("Johnson"), was operating a tractor trailer owned by the defendant Graebel Van Lines ("Graebel"), travelling northbound on SR–9 in Port St. Lucie, Florida. The plaintiff Cesar Hernandez ("the plaintiff"), also operating a tractor trailer, was proceeding directly behind Johnson when he collided with the rear of the Johnson's vehicle. The plaintiff allegedly sustained severe and permanent injuries as a result of the accident.

The plaintiff commenced this negligence action against the defendants Johnson and Graebel, basing federal jurisdiction on diversity of citizenship (*see* 28 U.S.C. § 1332[a][1]). The plaintiff is a resident of New York, Johnson is a Tennessee resident, and Graebel is a Wisconsin corporation licensed to do business in New York. The amount in controversy exceeds $50,-000.

The defendants, both represented by the same counsel, interposed an answer asserting several affirmative defenses, including, *inter alia,* lack of *in personam* jurisdiction (first affirmative defense) and improper service of process (fifth affirmative defense).

## II. PROCEDURAL SETTING

The plaintiff moves pursuant to Fed.R. Civ.P. 12(f) to strike both the first and fifth affirmative defenses. In opposition, the defendants agree to withdraw the fifth affirmative defense (improper service) as to both defendants, and to withdraw the first affirmative defense (lack of *in personam* jurisdiction) as to the defendant Graebel only. Defendant Johnson, however, opposes the plaintiff's motion to strike the affirmative defense of lack of personal jurisdiction as to him and, in turn, cross-moves to dismiss on that ground pursuant to Fed. R.Civ.P. 12(b)(2). In addition, both defendants move to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## III. DISCUSSION

The Court first considers the propriety of a transfer, then addresses the issue of personal jurisdiction over the defendant Johnson.

### A. *Motion to Transfer:*

A motion to transfer venue from one federal district court to another, when venue is initially proper, is governed by 28 U.S.C. § 1404(a), which provides, in pertinent part:

> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The goal of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" (*Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 [1964], *quoting Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 [1960]). The inquiry on such a motion to transfer is two-fold: First, whether the action sought to be transferred is one that "might have been brought" in the district court which the movant seeks to have the case litigated, *i.e.,* the "transferee" court. If so, second, whether, considering "the convenience of parties and witnesses" and "the interest of justice", a transfer to the proposed district is appropriate (*see Schneider v. Sears,* 265 F.Supp. 257, 261 [S.D.N.Y.1967] [Weinfeld, J.]).

■ On such a motion to transfer, the movant bears the burden to "clearly" establish that a transfer is appropriate and that the motion should be granted (*see Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218–19 [2d Cir.1978], *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 [1979]; *see also Arrow Elecs., Inc. v. Ducommun, Inc.,* 724 F.Supp. 264, 265 [S.D.N.Y.1989], *quoting Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711, 712 [S.D.N.Y.1989]; *Schneider v. Sears, supra,* 265 F.Supp. at p. 263).

With these principles in mind, the Court addresses the two-part inquiry.

(1) "Might Have Been Brought":

■ As to the first query, the parties do not dispute, and the Court finds, that the Southern District of Florida is a district where the action "might have been brought" originally (28 U.S.C. § 1404[a]; *see also* Plaintiff's Memorandum of Law at p. 12; Mulcahy Reply Aff't ¶¶ 2–3). Therefore, the transferee district, namely, the Southern District of Florida, is a proper place of venue for the trial of this action in accordance with 28 U.S.C. § 1391(a).

The Court must now turn to the second prong of the test, namely, whether a transfer is warranted in light of the convenience of the parties and witnesses, and if it would be in the interest of justice.

(2) "For the Convenience of Parties and Witnesses" and "in the Interest of Justice":

Whether an action should be transferred under section 1404(a) "is left to the sound discretion of the district court" (*Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir. 1989) [citing cases]). In order to assist in this determination, the courts have employed a variety of factors that serve as a guidepost, none of which are singly dispositive. Those factors include: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances (*see, e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,* 745 F.Supp. 993, 996 [S.D.N.Y.1990]; *Schieffelin & Co. v. Jack Co. of Boca, Inc.,* 725 F.Supp. 1314, 1321 [S.D.N.Y.1989]; *Turner v. Hudson Transit Lines, Inc.,* 724 F.Supp. 242, 243 [S.D.N.Y.1989]; *Miller v. County of Passaic,* 699 F.Supp. 409, 411 (E.D.N.Y.1988), *citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 [1946]; *Cain v. New York State Bd. of Elections,* 630 F.Supp. 221, 227 [E.D.N.Y. 1986]; *Schneider v. Sears, supra,* 265 F.Supp. at p. 263). Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens* (*see Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 [1955]), section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis (*see Norwood v. Kirkpatrick, supra,* 349 U.S. at p. 32, 75 S.Ct. at p. 546; *see generally* 3 *Cyclopedia of Federal Practice* § 4.46, at pp. 134–35 [3d rev. ed. 1985] [collecting cases]).

■ As stated above, a party seeking a transfer under section 1404(a) bears the burden to make a "clear" showing that a transfer is appropriate (*see Factors Etc., Inc. v. Pro Arts, Inc., supra,* 579 F.2d at pp. 218–19; *Schneider v. Sears, supra,* 265 F.Supp. at p. 263), and must support the application with an affidavit containing detailed factual statements relevant to the factors set forth above, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony (*see Factors Etc., Inc. v. Pro Arts, Inc., supra,* 579 F.2d at p. 218; *Schieffelin & Co. v. Jack Co. of Boca,*

*Inc., supra*, 725 F.Supp. at p. 1321; *Riso Kagaku Corp. v. A.B. Dick Co.*, 300 F.Supp. 1007, 1010 [S.D.N.Y.1969] ).

Each of those factors is considered below, seriatim.

■■■■ *Convenience of the Parties.* Both defendants request a transfer, which the plaintiff strenuously opposes. The logical and relevant starting point is a consideration of the residence of the parties (*see Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1550 [S.D.N.Y.1986], *citing Copulsky v. Boruchow*, 545 F.Supp. 126, 128–29 [E.D. N.Y.1982] ). In this regard, any inconvenience that might enure to counsel is unpersuasive and generally not a factor to consider (*see, e.g., Vaughn v. American Basketball Ass'n*, 419 F.Supp. 1274, 1277 [S.D. N.Y.1976] [citing cases]; *see generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3850, at pp. 412–13 [1986] [noting "bulk of the cases" either do not consider location of counsel at all, or at the very least accord it "very little weight"] ).

The plaintiff presently resides in New York. At the time of the accident, however, the plaintiff resided in Newark, New Jersey (*see* Police Report, dated Nov. 22, 1989, at p. 1). He also had a New Jersey driver's license, and was operating the tractor trailer with New Jersey license plates (*id.*).

The defendant Johnson has resided in Memphis, Tennessee for approximately twenty-five years to the present time (*see* Johnson Aff't ¶ 1). He never lived in New York State, nor does he own any property here (*see* Johnson Aff't ¶ 2). Johnson is an independent contractor who drives trucks interstate for a living (*see* Johnson Aff't ¶ 3). Although apparently having no real connection to New York, Johnson occasionally picks up or makes deliveries within this State (*see* Johnson Aff't ¶ 6). ·

The defendant Graebel is a corporation organized under the laws of Wisconsin and licensed to do business in New York.

Counsel for the plaintiff contends that inasmuch as Johnson resides in Tennessee, Graebel is a Wisconsin corporation and the plaintiff is a New York resident, "Florida is clearly no less inconvenient to the defendants than is New York, but would be an extremely inconvenient forum for plaintiff" (Hankin Aff't ¶ 5). The Court, however, should generally "not order a transfer which would merely switch the burden of inconvenience from one party to the other" (*Schieffelin & Co. v. Jack Co. of Boca, Inc., supra*, 725 F.Supp. at p. 1322).

Moreover, it is not disputed by the plaintiff that nothing in this case occurred in New York other than that his treating physician is located here. Yet, viewing the entire circumstances, since both defendants are neither Florida nor New York residents, there would be little or no difference of convenience to them personally if the case remained in New York or is transferred to Florida. In fact, the defendant Graebel is authorized to do business in New York, and Johnson occasionally drives his truck here. Accordingly, consideration of this factor does not favor a transfer.

■■■■ *Convenience of Witnesses.* The location of relevant witnesses and other evidence is a major factor to be considered in a transfer application (*see Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Technicians*, 574 F.Supp. 668, 670–71 [S.D.N.Y.1983] ). The convenience of both the party and non-party witnesses is probably considered the single-most important factor in the analysis of whether a transfer should be granted (*see Nieves v. American Airlines*, 700 F.Supp. 769, 772 [S.D.N.Y.1988]; *Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 259 [S.D.N.Y.1974] ).

The plaintiff is the only witness to this accident who resides in New York. It is undisputed that all other witnesses reside in or near Florida.

At the time of the accident, Johnson had a passenger in his vehicle named Barry Kimble, who also resides in Memphis, Tennessee (Mulcahy Aff't ¶ 13). The defendants contend that Kimble will testify that Johnson was travelling at about 50–55 miles per hour when he was struck in the rear by the plaintiff, without any warning (*id.*).

Florida Highway Patrol Trooper Prentiss arrived on the scene and investigated the accident. Trooper Prentiss took measurements and spoke with the parties and witnesses immediately following the accident, and ultimately prepared the Police Report on the day of that day (Mulcahy Aff't ¶ 14). His testimony is expected to be consistent with the contents of the Police Report. In addition, Trooper Prentiss could testify about the diagram annexed to the Police Report which may be of significance in the liability phase.

The Police Report itself also lists Peter Corrao of Hollywood, Florida and Mark Leibel of Tamarac, Florida as witnesses to the accident (*see* Police Report, dated Nov. 22, 1989, at p. 2). These witnesses will undoubtedly be called to testify at time of trial.

The defendants retained an investigator named Carl E. Williams, whose place of business is located in West Palm Beach, Florida (Mulcahy Aff't ¶ 16). Williams photographed the scene of the accident and the defendant's truck. He is expected to testify as to the physical facts with regard to the scene of the accident.

Immediately following the accident, the plaintiff was transported by the St. Lucie Fire and Rescue Co. and taken to the Port St. Lucie Hospital in St. Lucie, Florida, presumably where he was treated (*see* Police Report, dated Nov. 22, 1989, at p. 3). The testimony and records of these witnesses constitutes material and relevant evidence.

The plaintiff alleges, albeit with no specificity, that "all of his treating physicians are located in the New York area ... [and] will be called upon to testify as plaintiff's medical witness [sic] at the time of trial" (Hankin Aff't ¶ 5). The plaintiff's treating physicians are the only witnesses located in the New York area. In this regard, the Court notes that it is unclear from the plaintiff's papers how many treating physicians the plaintiff expects to call. In any event, "[i]t has become increasingly common practice in recent years to videotape expert testimony for use at trial in lieu of calling the live witness" (*Heller v. Wofsey,*

*Certilman, Haft, Lebow & Balin,* No. 86 Civ. 9867, slip op., 1989 WL 140251 [S.D. N.Y. Nov. 13, 1989] [1989 U.S. Dist. LEXIS 13498]; *see also Rubino v. G.D. Searle & Co.,* 73 Misc.2d 447, 340 N.Y.S.2d 574 [Sup.Ct. Nassau County 1973] [extensive discussion and collection of authority relative to use of videotape at trial]; *see generally* 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 1001(2)[03], at pp. 1001–38 to 39 [1990] [noting importance of use of videotape at trial in recent years]). In this Court's view, a videotape of the testimony of the plaintiff's physician is a viable practical alternative available for the plaintiff to consider.

Based upon a review of the potential non-party witnesses to be called, this factor clearly favors a trial in Florida. The factual eye-witnesses, medical personnel, investigating police officer and the defendant's investigator all hail from Florida. Only the plaintiff himself and his treating physician(s) are from the New York area.

■ *Relative Means of the Parties.* Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer (*see, e.g., Goldstein v. Rusco Indus., Inc.,* 351 F.Supp. 1314, 1318 [E.D.N.Y.1972]). Here, while the defendant Graebel is a corporation and the plaintiff is an individual, no showing has been made that litigating this action in the Southern District of Florida would impose an undue hardship upon the plaintiff.

Additionally, for purposes of this factor, there is nothing to indicate that the defendant Johnson, an independent contractor truck driver, is of any different means than the plaintiff. Accordingly, the Court finds that this factor is of little or no significance in the analysis under these circumstances.

■ *Locus of Operative Facts.* Where the operative facts occurred is an obvious factor to consider (*Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Technicians, supra,* 574 F.Supp. at pp. 670–71; *Copulsky v. Boruchow, su-*

*pra,* 545 F.Supp. at 128–29), which includes consideration of the relative ease of access to the sources of proof (*see, e.g., Y4 Design, Ltd. v. Regensteiner Publishing Enters., Inc.,* 428 F.Supp. 1067, 1069–70 [S.D.N.Y.1977]).

■ Unlike a complex securities litigation involving numerous interstate transactions with witnesses and voluminous documents located throughout several states (*see, e.g., Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 936 [S.D.N.Y. 1989]), this is a personal injury action that arose out of a two-vehicle accident that took place in the State of Florida (*see, e.g., Copulsky v. Boruchow, supra*). The *only* locus of operative facts is Florida. Accordingly, this factor favors a trial in Florida.

■ *Attendance of Witnesses.* Another important consideration is the availability of process to compel the attendance of witnesses to testify at trial (*Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at p. 266, *citing Designs By Glory, Ltd. v. Manhattan Creative Jewelers, Inc.,* 657 F.Supp. 1257, 1258–59 [S.D.N.Y.1987] [other citation omitted]). In a case factually similar to this one involving an automobile accident that occurred in Florida, Judge McLaughlin noted that "the defendant cannot compel any member of the Florida Highway Patrol, or any eyewitnesses to testify" at a trial in the Eastern District of New York (*Copulsky v. Boruchow, supra,* 545 F.Supp. at p. 129).

■ As stated above, it is undisputed that most of the witnesses that are expected to testify at trial are residents of Florida. There is no indication from the parties that these witnesses would be subject to the process of this Court to compel their attendance to a trial conducted in this district (*see* Fed.R.Civ.P. 45[e]). This is a significant factor in the Court's consideration of this transfer motion. In any event, as to any witnesses willing to testify, the cost would be great to secure their attendance at trial in New York. In addition, there appear to be no witnesses outside the jurisdiction of Florida, with the exception of the plaintiff's treating physician(s). Therefore, the Court finds that this factor decidedly tips the balance in favor of a transfer.

■ *The Plaintiff's Choice of Forum.* As in the consideration of a *forum non conveniens* issue, similarly, with regard to a transfer motion under 28 U.S.C. § 1404(a), the plaintiff's initial choice of forum is entitled to "great weight" (*Miller v. County of Passaic, supra,* 699 F.Supp. at p. 411), and, " '[w]here the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed' " (*Seagoing Uniform Corp. v. Texaco, Inc., supra,* 705 F.Supp. at p. 936, *quoting Ayers v. Arabian Am. Oil Co.,* 571 F.Supp. 707, 709 (S.D.N.Y.1983]). However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same "great weight" and in fact is given reduced significance (*see Cain v. New York State Bd. of Elections, supra,* 630 F.Supp. at p. 227; *see also Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at p. 265; *Turner v. Hudson Transit Lines, Inc.,* 724 F.Supp. 242, 243 [S.D.N.Y.1989]; *Helfant v. Louisiana & Southern Life Ins. Co.,* 82 F.R.D. 53, 57 [E.D.N.Y.1979]). It has been observed, however, that since the result under section 1404(a) is that the action is merely transferred and not dismissed as with a *forum non conveniens* motion, the plaintiff's choice of forum is not accorded any great significance in the analysis (*see, e.g., Y4 Design, Ltd. v. Regensteiner Publishing Enters., Inc., supra,* 428 F.Supp. at p. 1070; *see also* 1A *Moore's Federal Practice* ¶ 0.345[5], 4360–62 [2d ed. 1990]; *Norwood v. Kirkpatrick, supra,* 349 U.S. at p. 32, 75 S.Ct. at p. 546 [section 1404(a) is "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than under *forum non conveniens* dismissal]).

■ The only basis upon which the plaintiff requests this Court to deny a transfer is that he "now permanently resides in New York and has received all of his treatment for the injuries sustained in the accident in question from physicians

located in the New York area" (Plaintiff's Memorandum of Law at p. 3 [unnumbered]). Under these circumstances, where the accident occurred in Florida and most of the witnesses are within the proposed transferee district as well, in this Court's view the plaintiff's choice of forum is not entitled to the same "great weight" that might normally attach to a motion to dismiss based on *forum non conveniens.* As such, the Court finds that the mere fact that the plaintiff chose New York is of less significance under these circumstances.

■ *Calendar Congestion.* Although certainly not decisive, docket conditions or calendar congestion of both the transferee and transferor districts is a proper factor for the Court to consider and is accorded "some weight" (*see Foster v. Litton Indus., Inc.,* 431 F.Supp. 86, 88 [S.D.N.Y. 1977]; *Schneider v. Sears, supra,* 265 F.Supp. at p. 267).

■ It takes approximately nineteen months for a civil action to reach the trial calendar from the time issue is joined in the Eastern District of New York, whereas it takes approximately eleven months in the Southern District of Florida (*see 1990 Federal Court Management Statistics of the Administrative Office of the United States,* at pp. 47, 162). This consideration, therefore, also favors a transfer.

■ *Forum Court's Familiarity With The Governing Law.* Following the transfer of an action initiated by a defendant under section 1404(a), the transferee court is bound by the choice of law rules of the transferor court (*Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 [1964]; *see also Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 [1990] [same rule applies if plaintiff initiates transfer]). Thus, in this case New York choice of law rules apply which, when applied to these facts, indicate that the application of the substantive law of Florida to this controversy would be appropriate to determine liability (*see Bing v. Halstead,* 495 F.Supp. 517 [S.D.N.Y.1980], *citing Neumeier v. Kuehner,* 31 N.Y.2d 121, 286 N.E.2d 454, 335 N.Y.S.2d 64 [1972] [Fuld, Ch. J.]).

■ Accordingly, it appearing that Florida law would govern this personal injury action, this factor, although not generally considered a highly significant one (*see Vassallo v. Niedermeyer,* 495 F.Supp. 757, 760 [S.D.N.Y.1980]), favors a transfer, since it is judicially desirable to have cases decided by a court familiar with the substantive law to be applied (*see Heyco, Inc. v. Heyman, supra,* 636 F.Supp. at pp. 1550–51; *see also Kreisner v. Hilton Hotel Corp.,* 468 F.Supp. 176, 179 [E.D.N.Y.1979] ["[w]hile there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it"] [citing cases]).

■ *Practical Difficulties.* In light of the locus of operative facts being Florida, and the convenience of the witnesses favoring a transfer to the Southern District of Florida, it would, in this Court's view, be more practical for this case to be tried in Florida. Discovery, including depositions of the non-party witnesses, could take place in Florida where these witnesses reside. The case is likely to reach the trial calendar in Florida in much less time than here. Finally, it is the view of this Court that it is more appropriate for this case to be tried to a jury selected from residents of the state having the most interest in this litigation, namely, where the accident occurred. In sum, a consideration of the practical aspects dictate a transfer.

■ *Interest of Justice.* Balancing all of the material circumstances of this case in light of the factors set forth above, this Court finds that in the interest of justice, the action should be transferred to the Southern District of Florida. The cause of action arose there. Most, if not all, of the witnesses and sources of proof, namely, investigative reports, documents and photographs, if any, may be found in Florida. It may be impossible to compel the attendance of key witnesses if this case were to remain in this Court. Although the burden on the party seeking a transfer is a heavy one, in this case a balance of the factors

indicates to the Court that it has been clearly met.

Having determined to transfer this action to the Southern District of Florida, the Court must now consider whether the issue of *in personam* jurisdiction over the defendant Johnson has to be reached.

### B. *Necessity of Deciding In Personam Jurisdiction:*

The springboard of any discussion on this issue must necessarily begin with Judge Weinfeld's oft-cited statement in the seminal case of *Volk Corp. v. Art–Pak Clip Art Serv.*, 432 F.Supp. 1179 (S.D.N.Y. 1977):

> "Whether there is personal jurisdiction over the defendants, and whether venue is proper in this district, raise substantial questions. However, the Court need not resolve them, since it has the power to transfer the case even if there is no personal jurisdiction over the defendants ..., if a transfer would be in the interest of justice" (*id.* at pp. 1180–81 [footnotes omitted]).

This statement is based on the early Supreme Court decision of *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), which held that even if venue is *improper* in the transferor district and the Court lacks *in personam* jurisdiction over the defendant, the Court nonetheless has the power to transfer under 28 U.S.C. § 1406(a).

One year later in 1978, writing for the Second Circuit, then Circuit Judge Oakes expressly adopted Judge Weinfeld's statement as the law of this Circuit (*see Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 [2d Cir.1978]). Since then, the district courts within the Second Circuit have repeatedly held that the Court's power to transfer is unaffected by the lack of *in personam* jurisdiction over the defendant (*see, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Gallagher*, 669 F.Supp. 88, 91 [S.D.N.Y.1987] [Edelstein, J.]; *Saudi Computer Aided Translation, Ltd. v. Weidner Communications Corp.*, 663 F.Supp. 1104, 1108 [S.D.N.Y.1987] [Leval, J.]; *Fresca v. Arnold*, 595 F.Supp. 1104, 1105 [E.D.N.Y. 1984] [McLaughlin, J.]).

Accordingly, the Court need not resolve the personal jurisdiction issue, since it is clear that it does have the power to transfer even in the absence of personal jurisdiction. Therefore, the motion of the plaintiff to strike the first affirmative defense and the motion by the defendant Johnson to dismiss for lack of personal jurisdiction, are denied, without prejudice and with leave to renew.

## IV. CONCLUSION

For the reasons stated above, after considering the relevant factors, the Court concludes that this action should be, and hereby is, transferred to the Southern District of Florida.

Accordingly, the motions are decided as follows:

(1) The motion of the defendants to transfer pursuant to 28 U.S.C. § 1404(a), is granted.

(2) The motion of the plaintiff to strike certain affirmative defenses is denied without prejudice and with leave to renew in the transferee court.

(3) The motion of the defendant Willie Johnson to dismiss for lack of *in personam* jurisdiction is denied without prejudice and with leave to renew in the transferee court.

The Clerk of the Court is directed to forthwith effectuate the transfer of this action to the Southern District of Florida.

SO ORDERED.